# EXHIBIT A

# EXHIBIT A

MAR 3 1 2021

Electronically Issued
3/24/2021 3:02 PM

1    SUMM
     Justin G. Randall, Esq.
2    Nevada Bar No. 12476
     ER INJURY ATTORNEYS
3    4795 South Durango Drive
     Las Vegas, Nevada 89147
4    Telephone: (702) 968-7500
     Facsimile: (702) 968-7525
5    Attorneys for Plaintiff

                              DISTRICT COURT
6
                         CLARK COUNTY, NEVADA
7

8    MARCUS XAVIER GAINES, individually;        )
                                                )    CASE NO. A-21-831109-C
          Plaintiff,                            )    DEPT. NO. 24
                                                )
9                                               )
     v.                                         )
10                                              )    **AMENDED SUMMONS**
     DANILO ANTONIO ESPINAL, individually;      )
11   TOTAL TRANSPORTATION OF MISSISSIPPI,       )
     LLC; DOES I – X; and ROE CORPORATIONS I -  )
12   X, inclusive,                              )
                                                )
                                                )
13   _____)

14   **NOTICE! YOU HAVE BEEN SUED, THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR
     BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS, READ THE INFORMATION BELOW.**

15           **TOTAL TRANSPORTATION OF MISSISSIPPI, LLC**

16   TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the
     Complaint.
17   1.      If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service,
     you must do the following:
18          a.      File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in
                    accordance with the rules of the Court, with the appropriate filing fee.
19          b.      Serve a copy of your response upon the attorney whose name and address is shown below.
     2.      Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a
20   judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other
     relief requested in the Complaint
21   3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be
     filed on time.
22   4.      The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members
     and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to
23   the complaint.

                                                 STEVEN D. GRIERSON
24   Issued at the direction of:                 CLERK OF THE COURT

25                                                                              3/24/2021
     _____             _____
     Justin G. Randall, Esq.                      DEPUTY CLERK                      DATE
26   Nevada Bar No. 12476                         200 Lewis Avenue, 5th Floor
     4795 South Durango Drive                     Las Vegas, Nevada 89155-1601
27   Las Vegas, Nevada 89147                      Marie Kramer
     Attorneys for Plaintiff

28

                                           - 1 -

Electronically Filed
3/24/2021 3:00 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ACOM**
Justin G. Randall, Esq.
2  Nevada Bar No. 12476
ER INJURY ATTORNEYS
3  4795 South Durango Drive
Las Vegas, Nevada 89147
4  Telephone: (702) 968-7500
Facsimile: (702) 968-7525
5  Email: justin@erinjuryattorneys.com
Attorneys for Plaintiff

6                               DISTRICT COURT

7                          CLARK COUNTY, NEVADA

8  MARCUS XAVIER GAINES, individually;

9            Plaintiff,                          CASE NO. A-21-831109-C
                                                 DEPT. NO. 24
10  v.

11  DANILO ANTONIO ESPINAL, individually;        **AMENDED COMPLAINT**
TOTAL TRANSPORTATION OF MISSISSIPPI,
12  LLC; DOES I – X; and ROE CORPORATIONS I
- X, inclusive,
13

14            Plaintiff complains as follows:

15                        **GENERAL ALLEGATIONS**

16            1.     This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1) because

17  the facts alleged occurred in Clark County, Nevada and involve an amount in controversy in excess of

18  $15,000.00.

19            2.     The true names and capacities of the Defendants designated herein as Doe or Roe

20  Corporations are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such

21  fictitious names.  When the true names and capacities of these defendants are ascertained, Plaintiff will

22  amend this Complaint accordingly.

23            3.     At all times pertinent herein, Defendants were agents, servants, employees or joint venturers

24  of every other Defendant, and at all times mentioned herein were acting within the scope and course of said

25  agency, employment, or joint venture, with knowledge and permission and consent of all other named

26  Defendants.

27            4.     Plaintiff MARCUS XAVIER GAINES was at all times mentioned herein the operator of the

28  2007 Infiniti FX35.

- 1 -

5.      Defendant DANILO ANTONIO ESPINAL was at all times mentioned herein the operator of a 2020 Frieghtline Cab (hereinafter "the Vehicle").

6.      Defendants TOTAL TRANSPORTATION OF MISSISSIPPI, LLC was at all times mentioned herein an owner of the Vehicle.

7.      On July 14, 2020, Defendant DANILO ANTONIO ESPINAL negligently operated the vehicle, causing Plaintiff serious bodily injuries.

8.      As a direct and proximate result of the negligence of Defendants, Plaintiff sustained serious injuries to her bodily limbs, organs and systems, all or some of which condition may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.00.

9.      As a direct and proximate result of the negligence of Defendants, Decedent received medical and other treatment for the aforementioned injuries, all to the damage of Decedent.

10.     As a direct and proximate result of the negligence of Defendants, Plaintiff was required to, and was limited in occupational and recreational activities, which caused Plaintiff physical impairment, mental anguish, and loss of enjoyment of life, in an unascertainable amount.

11.     As a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

12.     Defendants TOTAL TRANSPORTATION OF MISSISSIPPI, LLC are liable vicariously to Plaintiff by virtue of the doctrine of *Respondeat Superior* in that Defendant DANILO ANTONIO ESPINAL was acting within the course and scope of employment for Defendants TOTAL TRANSPORTATION OF MISSISSIPPI, LLC at all relevant times material to this matter set forth in this action.

## FIRST CAUSE OF ACTION
### (Negligence against Defendant DANILO ANTONIO ESPINAL)

13.     Plaintiff incorporates paragraphs 1 through 12 of the Complaint as though said paragraphs were fully set forth herein.

14.     Defendant DANILO ANTONIO ESPINAL owed Plaintiff a duty of care to operate the vehicle in a reasonable and safe manner. Defendant DANILO ANTONIO ESPINAL breached that duty of

care by causing injuries to Plaintiff.   As a direct and proximate result of the negligence of Defendant DANILO ANTONIO ESPINAL, Plaintiff was damaged in an amount in excess of $15,000.00.

## SECOND CAUSE OF ACTION
### (Negligence Per Se against Defendant DANILO ANTONIO ESPINAL)

15.    Plaintiff incorporates paragraphs 1 through 14 of the Complaint as though said paragraphs were fully set forth herein.

16.    The acts of Defendant DANILO ANTONIO ESPINAL as described herein violated the traffic laws of the State of Nevada and Clark County, constituting negligence per se, and Plaintiff was damaged as a direct and proximate result thereof in an amount in excess of $15,000.00.

## THIRD CAUSE OF ACTION

### (Negligent Entrustment against Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC)

17.    Plaintiff incorporates paragraphs 1 through 16 of the Complaint as though said paragraphs were fully set forth herein.

18.    Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC was the owner, or had custody and control of the Vehicle.

19.    Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC did entrust the Vehicle to the control of Defendant DANILO ANTONIO ESPINAL.

20.    Defendant DANILO ANTONIO ESPINAL was incompetent, inexperienced, or reckless in the operation of the Vehicle.

21.    Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC actually knew or, by the exercise of reasonable care, should have known that Defendant DANILO ANTONIO ESPINAL was incompetent, inexperienced, or reckless in the operation of motor vehicles.

22.    Plaintiff was injured as a proximate consequence of the negligence and incompetence of Defendant DANILO ANTONIO ESPINAL a direct and proximate cause of the negligent entrustment of the Vehicle by Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC to Defendant DANILO ANTONIO ESPINAL, Plaintiff have been damaged in an amount in excess of $15,000.00.

\\\

- 3 -

## FOURTH CAUSE OF ACTION

**(Negligent Hiring against Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC)**

23.    Plaintiffs incorporate paragraphs 1 through 22 of the Complaint as if those paragraphs were fully incorporated herein.

24.    Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC hired Defendant DANILO ANTONIO ESPINAL to operate the Vehicle.

25.    Defendant DANILO ANTONIO ESPINAL was incompetent, inexperienced, or reckless in the operation of the Vehicle.

26.    Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC knew, or by the exercise of reasonable care should have known, that Defendant DANILO ANTONIO ESPINAL was incompetent, inexperienced, or reckless in the operation of the Vehicle.

27.    Plaintiffs were injured as a proximate consequence of the negligence and incompetence of Defendant DANILO ANTONIO ESPINAL resulting from the negligent hiring, supervision, and/or training of Defendant DANILO ANTONIO ESPINAL by Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC

28.    As a direct and proximate cause of the negligent hiring, supervision, and/or training by Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC, Plaintiffs have been damaged in an amount in excess of $15,000.00.

## FIFTH CAUSE OF ACTION

**(Respondeat Superior against Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC)**

29.    Plaintiffs incorporate paragraphs 1 through 28 of the Complaint as if those paragraphs were fully incorporated herein.

30.    Defendant DANILO ANTONIO ESPINAL was acting within the course and scope of his/her employment while operating the Vehicle.

31.    Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC is therefore liable for the negligent actions of Defendant DANILO ANTONIO ESPINAL.

32.    Plaintiffs were injured as a proximate consequence of Defendants' negligence.

\\\

33.    As a direct and proximate cause of Defendants' negligence, Plaintiffs have been damaged in an amount in excess of $15,000.00.

WHEREFORE, Plaintiff expressly reserves the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, pray judgment against all Defendants, and each of them, as follows:

1.    For general damages sustained by Plaintiff in an amount in excess of $15,000.00;

2.    For special damages sustained by Plaintiff in an amount in excess of $15,000.00;

3.    For property damages sustained by Plaintiff;

4.    For reasonable attorney's fees and costs;

5.    For interest at the statutory rate; and

6.    For such other relief as the Court deems just and proper.

ER INJURY ATTORNEYS

Justin G. Randall, Esq.
Nevada Bar No. 12476
4795 South Durango Drive
Las Vegas, Nevada 89147
Attorneys for Plaintiff

- 5 -